UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A.B.,

    **Plaintiff,**

v.                                    Case No. 8:20-cv-353-T-35SPF

**SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA,**

    **Defendant.**

_____/

## DEFENDANT'S ANSWER

Defendant, THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA (hereinafter, "School Board"), by and through its undersigned counsel, hereby files its Answer and Defenses to Plaintiff's Complaint and says as follows[1]:

## INTRODUCTION

1. In response to paragraph 1, The School Board states that Plaintiff purports to bring a claim under the Individuals with Disabilities Act (IDEA), 20 U.S.C. § 1400 et seq., but otherwise denies the allegations stated or implied in paragraph 1.

2. In response to paragraph 2, The School Board states that Plaintiff purports to appeal the Final Order issued by Judge Todd Resavage of the Division of Administrative Hearings (hereinafter "DOAH") on November 15, 2019 (hereinafter "Final Order"). The School Board admits that Exhibit A attached to the Complaint is copy of the Final Order.

---

[1] The School Board files this response with the understanding that, because this matter has been filed as an appeal, a briefing schedule will be established and that the parties will have the opportunity to more fully set forth the basis of the appeal, if any, and why the ruling from below should be upheld.

3. The School Board admits the allegations in paragraph 3. However, the School Board denies any allegations stated or implied that Plaintiff has not received such services or protections to which she may be entitled under the IDEA.

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that Plaintiff was adversely affected by the Final Order, of which she seeks judicial review.

5. The School Board denies the allegations in paragraph 5.

## PARTIES

6. The School Board is without sufficient information to admit or deny the location of Plaintiff's residence during all times relevant to her Complaint and therefore denies her allegations related to the same. The School Board admits the remaining allegations in paragraph 6.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that it does have the capacity to be sued, that it is a local educational agency, and that it is required to comply with the provisions of the IDEA. Stating further, the School Board says that, at all times relevant to Plaintiff's claims that were subject to the proceedings below, it provided Plaintiff a free appropriate public education (hereinafter "FAPE") as that term is completed under the applicable IDEA rules and regulations and that it complied with the IDEA with respect to the delivery of special education services to Plaintiff. Moreover, the statutes and regulations cited in paragraph 7 speak for themselves. The School Board denies any assertion stated in paragraph 7 that is inconsistent with them.

## JURISDICTION AND VENUE

8. In response to paragraph 8, the School Board admits that jurisdiction is proper in this Court. The School Board otherwise denies the remaining allegations stated or implied in paragraph 8.

9. In response to paragraph 9, the School Board admits that venue is proper in this Court. The School Board otherwise denies the remaining allegations stated or implied in paragraph 9.

10. In response to paragraph 10, the School Board admits that in Plaintiff's Complaint she seeks relief but otherwise denies the remaining allegations stated or implied in paragraph 10.

11. In response to paragraph 11, the School Board admits that Plaintiff seeks judicial review of the Final Order that was issued on November 15, 2019 in *A.B. v. Hillsborough County School Board*, DOAH Case No. 19-1627E, which was initiated on or about March 26, 2019. The School Board otherwise denies the remaining allegations stated or implied in paragraph 11.

## PROCEDURAL HISTORY

12. Paragraph 12 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the laws and/or regulations cited in paragraph 12 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 12 that is inconsistent with them.

13. Paragraph 13 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the laws and/or regulations cited in paragraph 13 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 13 that is inconsistent with them.

14. In response to paragraph 14, the School Board admits that Plaintiff filed a request for due process hearing on or about March 26, 2019, which the School Board timely transmitted to DOAH. Beyond that, the School Board states that Plaintiff's request for due process hearing speaks for itself. To that end, the School Board denies any assertion stated in paragraph 14 that is inconsistent with it.

15. The School Board admits the allegations in paragraph 15.

16. In response to paragraph 16, the School Board states that the Final Order speaks for itself. The School Board otherwise denies the allegations stated or implied in paragraph 16. The School Board specifically denies that paragraph 16 correctly states the ALJ's holding as set forth in the Final Order.

## FACTUAL ALLEGATIONS

17. The School Board admits the allegations in paragraph 17.

18. The School Board admits the allegations in paragraph 18.

19. In response to paragraph 19, the School Board admits that Plaintiff was born in 2008, that she has certain medical conditions, and that she uses a wheelchair for mobility. The School Board otherwise denies those averments that are not specifically part of or that are inconsistent with the record from the proceedings below.

20. The School Board admits the allegations in paragraph 20.

21. The School Board is without sufficient information to admit or deny the allegations in paragraph 21 as written and therefore, denies the same. The School Board further denies those averments that are not specifically part of or that are inconsistent with the record from the proceedings below.

22. In response to paragraph 22, the School Board admits that Plaintiff is able to propel her wheelchair, requires adult supervision and prompting in the educational environment, and has at times displayed hesitancy in propelling her wheelchair under certain circumstances as set forth in the record of the proceedings below. The School Board otherwise denies those averments that are not specifically part of or that are inconsistent with the record from the proceedings below.

23. The School Board is without sufficient information to admit or deny the allegations in paragraph 23 as written and therefore, denies the same. The School Board further denies those averments that are not specifically part of or that are inconsistent with the record from the proceedings below.

24. The School Board admits the allegations contained in paragraph 24.

25. The School Board admits that, at the Individual Education Plan (hereinafter "IEP") meeting held on or about April 2, 2018, a Specialized Documentation Form was completed at that meeting, which Plaintiff's parent signed. Beyond that, the School Board states that the form speaks for itself. To that end, to the extent that any of the allegations set forth in paragraph 25 are inconsistent with the content of that form, the School Board specifically denies those allegations. The School Board also denies that the form is part of Plaintiff's IEP.

26. The School Board admits that, as of the April 2, 2018 IEP meeting, Plaintiff lived at a location to which the Hillsborough County School District (hereinafter "District") was able to assign her a bus stop that was located in front of her home. This bus assignment was not the function of Plaintiff's IEP or specialized transportation needs. The School Board further admits that during the 2018-2019 school year, Plaintiff provided the District an updated home address that was different than the home address she had during the 2017-2018 school year. The School

Board further denies those averments that are not specifically part of or that are inconsistent with the record from the proceedings below.

27. The School Board is without sufficient information to admit or deny the allegations in paragraph 27 as written and therefore, denies the same. The School Board further denies those averments that are not specifically part of or that are inconsistent with the record from the proceedings below.

28. In response to paragraph 28, the School Board admits that Plaintiff successfully navigates to her bus stop using her wheelchair and that her parent (or other adult) accompanies to her bus stop due to her need for adult supervision. The School Board otherwise denies the allegations in paragraph 28 to the extent that are not part of or are inconsistent with the record from the proceedings below.

29. In response to paragraph 29, the School Board admits that an IEP meeting was held on or about October 11, 2018 at Plaintiff's parent request and that, at that meeting, an updated Specialized Transportation Form was completed but Plaintiff's specialized transportation as described on her IEP remained unchanged. Stating further, the School Board says that the form speaks for itself. To that end, to the extent that any of the allegations set forth in paragraph 29 are inconsistent with the content of that form, the School Board specifically denies the allegations.

30. The School Board denies the allegations in paragraph 30 as stated.

31. In response to paragraph 31, the School Board admits that an IEP meeting was held on or about January 25, 2019. The School Board otherwise denies the allegations in paragraph 31.

32. Paragraph 32 is so vague and wanting in detail as to what policies and practices are being referred to in paragraph 32 that the School Board cannot sufficiently form a response. Without more, the School Board denies paragraph 32 as stated. The School Board further denies

the allegations in paragraph 32 that are not part of or that are inconsistent with the record from the proceedings below.

33. In response to paragraph 33, the School Board admits that a review of Plaintiff's bus stop occurred on or about January 29, 2019. The School Board otherwise denies the allegations in paragraph 33 as stated. The School Board further denies the allegations in paragraph 33 to the extent they are not part of or are inconsistent with the record of the proceedings below.

34. The School Board denies the allegations in paragraph 34 as written.

35. In response to paragraph 35, the School Board admits that at the IEP meeting held on or about March 7, 2019, an updated Specialized Transportation Form was completed. The School Board otherwise denies the allegations in paragraph 35 to the extent they are not part of or are inconsistent with the record of the proceedings below. Stating further, the School Board says the form speaks for itself. To that end, to the extent that any of the allegations set forth in paragraph 35 are inconsistent with the content of that form, the School Board specifically denies those allegations.

36. The School Board denies the allegations in paragraph 36 as stated.

## IDEA-ADMINISTRATIVE APPEAL TO COURT
### Standard of Review

37. Paragraph 37 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the laws and/or regulations cited in paragraph 37 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 37 that are inconsistent with them.

38. Paragraph 38 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the cases, laws and/or regulations

cited in paragraph 38 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 38 that is inconsistent with them.

39. Paragraph 39 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the cases, laws and/or regulations cited in paragraph 39 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 39 that is inconsistent with them.

## **Legal Claims**

40. Paragraph 40 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the statutes cited in paragraph 40 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 40 that is inconsistent with them.

41. Paragraph 41 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the law cited in paragraph 41 speaks for itself. To that end, the School Board denies any assertion stated in paragraph 41 that is inconsistent with it.

42. Paragraph 42 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the law cited in paragraph 42 speaks for itself. To that end, the School Board denies any assertion stated in paragraph 42 that is inconsistent with it.

43. Paragraph 43 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the cases, laws and/or regulations cited in paragraph 43 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 14 that is inconsistent with them.

44. Paragraph 44 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the laws and/or regulations cited in paragraph 44 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 44 that is inconsistent with them.

45. Paragraph 45 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the laws and/or regulations cited in paragraph 45 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 45 that is inconsistent with them.

46. Paragraph 46 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the cases, laws and/or regulations cited in paragraph 46 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 46 that is inconsistent with them.

47. Paragraph 47 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the laws and/or regulations cited in paragraph 47 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 47 that is inconsistent with them.

48. Paragraph 48 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the cases, laws and/or regulations cited in paragraph 48 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 48 that is inconsistent with them.

49. Paragraph 49 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the case cited in paragraph 49 speaks

for itself. To that end, the School Board denies any assertion stated in paragraph 49 that is inconsistent with it.

50. Paragraph 50 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the cases, laws and/or regulations cited in paragraph 50 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 50 that is inconsistent with them.

51. Paragraph 51 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the cases, laws and/or regulations cited in paragraph 51 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 51 that is inconsistent with them.

52. Paragraph 52 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the cases cited in paragraph 52 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 52 that is inconsistent with them.

53. Paragraph 53 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the cases cited in paragraph 53 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 53 that is inconsistent with them.

54. Paragraph 54 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the cases cited in paragraph 54 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 54 that is inconsistent with them.

55. Paragraph 55 states a legal conclusion to which no response is required. To the extent that a response is required, the School Board states that the cases, laws and/or regulations cited in paragraph 55 speak for themselves. To that end, the School Board denies any assertion stated in paragraph 55 that is inconsistent with themselves.

56. The School Board denies the allegations in paragraph 56.

57. In response to paragraph 57, the School Board admits that Plaintiff requires specialized transportation as identified on her IEP. Stating further, the School Board says that it has provided Plaintiff with the type of specialized transportation that met her needs during the 2018-2019 school year and that has continued to meet her needs during the current school year. The School Board otherwise denies the allegations stated or implied in paragraph 57.

58. The School Board denies the allegations in paragraph 58.

59. The School Board denies the allegations in paragraph 59.

60. The School Board denies the allegations in paragraph 60.

61. The School Board denies the allegations in paragraph 61.

## CLAIM FOR RELIEF

62. Paragraph 62 states a legal conclusion to which no response is required. To the extent a response is required, the School Board admits that Plaintiff asserted claims in the proceedings below before DOAH, was adversely affected by the Final Order at issue, and purports to seek reversal of the Final Order. The School Board otherwise denies the allegations in paragraph 62.

63. The School Board denies the allegations in paragraph 63.

64. The School Board denies the allegations in paragraph 64.

65. No response is required to paragraph 65 as it states no averments whatsoever. However, the School Board agrees that the record of the proceedings below should be considered as part of these appeal proceedings and requests that a briefing schedule be entered to address Plaintiff's challenge to the Final Order.

66. The School Board denies that Plaintiff is entitled to the relief she prays for in paragraph 66 as well as subparagraphs (a) through (c). Stating further, the School Board states that the Court should uphold the challenged Final Order.

WHEREFORE, for the reasons stated herein and on the record of the proceedings below, the Court should uphold the Final Order and deny Plaintiff the relief she seeks.

Dated: March 17, 2020

                Respectfully submitted,

                /s/LaKisha M. Kinsey-Sallis
                LaKisha M. Kinsey-Sallis
                Florida Bar No. 78265
                Fisher & Phillips, LLP
                101 E. Kennedy Boulevard, Suite 2350
                Tampa, FL 33602
                Telephone: (813) 769-7500
                Facsimile: (813) 769-7501
                Email: lkinsey-sallis@fisherphillips.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with Clerk of the Court using the CM/ECF system, which will provide notice to all parties of record, and that a courtesy copy of this filing was furnished by email only on this 17th day of March, 2020, to the following:

Lauren Brittany Eversole, Esq.
Disability Rights Florida
Times Building
2473 Care Drive, Suite 200
Tallahassee, FL 32308
Email: laurene@disabilityrightsflorida.org

Ann Marie Cintron-Siegel
Attorney for Petitioner
Disability Rights Florida
1930 Harrison Street
Suite 104
Hollywood, FL 33020
Email: anns@disabilityrightsflorida.org

                                                  /s/LaKisha M. Kinsey-Sallis
                                                  Attorney