UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A.B.

      Plaintiff

v.                                 Case No. 8:20-cv-00353-MSS-SPF

SCHOOL BOARD OF HILLSBOROUGH
COUNTY, FLORIDA,

      Defendant.
_____/

### **PLAINTIFF'S REPLY BRIEF**

Pursuant to this Court's case management order, dated July 16, 2020 (ECF No. 18), Plaintiff files its Reply Brief to Defendant's Response Brief (hereinafter "Def.'s Response"). Despite there being an abundance of evidence in the administrative record that A.B.'s requires home door transportation to access a Free and Appropriate Public Education (hereinafter "FAPE"), Defendant attempts to diminish this evidence in its Response for the sake of prioritizing administrative convenience over Plaintiff's unique needs. This Court should enter final judgement on the administrative record in favor of Plaintiff.[1]

---

[1] Defendant makes the puzzling assertion that Plaintiff would be not entitled to attorney's fees and costs under IDEA's fee-shifting provision if she were to be the prevailing party simply because Disability Rights Florida provides its services free of charge. Def's Response at 1, n. 1. This assertion flouts well-settled case law that provides for awards of attorney's fees to non-profit, legal services organizations such as Disability Rights Florida. *See Norman v. Housing*

1

### A. Plaintiff's Medical Conditions as Reported to The IEP Team Do Warrant Home Door Transportation

Defendant makes the claim that Plaintiff provided "no evidence" that supported her need for home door transportation. This is not the case. As discussed in detail in Plaintiff's Initial Brief (hereinafter "Pl.'s Brief"), Plaintiff's physician and parent testified in the administrative hearing how Plaintiff's cognitive ability and complex medical needs prevented her from independently navigating the bus stop. This testimony was corroborated by testimony from school district personnel and documentation on Plaintiff's IEPs in the record. Pl.'s Brief at 3-6. Furthermore, her physician documented twice in letters to the District and testified during the administrative hearing that Plaintiff's medical conditions may be exacerbated by exposure to extreme weather conditions. *Id*. (R. 535-537).

Defendant inappropriately questions the parent's motives in its Response because she raised legitimate concerns about Plaintiff's health concerns in relation to her need for home door transportation. Def.'s Response at 22-23. Defendant keeps overlooking the fact that, as the parent and District testified, Plaintiff had always had home door transportation prior moving to an apartment complex in fall of 2018. Plaintiff's parent should not be faulted for consulting with Plaintiff's medical provider to seek her opinion on the issue.

---

*Auth. Of City of Montgomery* 836 F.2d 1292, 1300 (11th Circuit 1988); *Blum v. Stenson* 465 U.S. 886, 890-896 (1984). Defendant cites no authority to support its assertion.

Defendant's assertion that the parent had not raised any concerns about Plaintiff's exposure to extreme weather prior to the District removing home door transportation is specious because there was never a need to do so as Plaintiff had always had home door transportation up until this dispute. Moreover, Defendant claims that Plaintiff's advocate did not raise Plaintiff's medical condition as an issue prior to litigation. Def.'s Response at 20-21. This is wrong. Plaintiff's advocate specifically testified that concerns regarding the weather and exposure to the elements were discussed at Plaintiff's January 25, 2019 and March 7, 2019 IEP meetings (T: 293-295).

Defendant also tries to minimize in its Response the fact that the District refused to consider the new input from Plaintiff's medical provider when the parent asked. Def's Response at 23. This violated the parent's right to participate in the decisions on the educational placement of their child." 20 U.S.C. §1414(e). *See also R.L v. Miami-Dade County School Board* 757 F.3d 1173, (11th Cir. 2014) ("…any pre-formed opinion the state might have must not obstruct the parents' participation in the planning process"). Furthermore, there is nothing in the IDEA that would have prevented the District from convening a meeting to consider this new information despite the fact that a due process proceeding had been initiated.

### B. The Donald Factors Support Providing Plaintiff with Home Door Transportation.

As discussed in detail in Plaintiff's Initial Brief, the evidence supports that it is unsafe for Plaintiff to travel to and from the bus stop 253 feet every school day due to her unique medical needs. Weather conditions and exposure to the elements are relevant to "examining the nature of the area which the student must pass" and Plaintiff's physician testified regarding her concerns about how exposure to the elements on the route from home to the bus stop can affect Plaintiff's medical needs and equipment. Despite the parent's ability to accompany Plaintiff, her physician did not feel that Plaintiff would be safe. *See In re Student with a Disability*, 60 IDELR 84 (SEA NY 2012) (district court affirmed the IHO's decision that child was entitled to door-to-door transportation despite the parent's availability to walk with the student to school because his disability made it unsafe to walk to school).

### CONCLUSION

This Court should reverse the ALJ's final order and declare that Plaintiff's current IEP fails to provide a FAPE and order the Defendant to provide home door transportation; declare that the Plaintiff is the prevailing party and entitled to an award of reasonable costs and attorney's fees pursuant to 20 U.S.C. 1415(i)(3); and award Plaintiff any and all other appropriate relief under the IDEA.

Dated December 15, 2020

Respectfully Submitted

*/S/Lauren Brittany Eversole*
Lauren Brittany Eversole
Disability Rights Florida
2473 Care Drive, Suite 200
Tallahassee, FL 32308
FL Bar No. 120245
laurene@disabilityrightsflorida.org
850-617-9702

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all parties of record on this day, December 15, 2020.

/S/*Lauren Brittany Eversole*
Lauren Brittany Eversole